UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF TEXAS

BEAUMONT DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | § | |
| | § | |
| V. | § | NO. 1:98-CR-172 |
| | § | |
| ROGERS MOUTON | § | |

### REPORT AND RECOMMENDATION RE: PETITION FOR WARRANT OR SUMMONS FOR OFFENDER UNDER SUPERVISION

Pending is a "Petition for Warrant or Summons for Offender Under Supervision," filed January 13, 2006, alleging that defendant violated conditions of supervised release by failing to refrain from any unlawful use of a controlled substance on two occasions and by failing to participate in a program of testing and treatment for drug abuse on December 15, 2005.

This matter is referred to the undersigned United States magistrate judge for review, hearing, and submission of a report with recommended findings of fact and conclusions of law. See United States v. Rodriguez, 423 F.3d 919, n. 1 (5th Cir. 1994); see also 18 U.S.C. § 3401(i) (2000); and Local Rules for the Assignment of Duties to United States magistrate judges.

## I.  The Original Conviction and Sentence

Defendant was sentenced on March 24, 1999, before The Honorable Joe J. Fisher of the Eastern District of Texas after pleading guilty to the offense of possession with intent to distribute a controlled substance within a protected area, a Class B felony.  This offense carried a statutory maximum imprisonment term of 40 years.  The guideline imprisonment range, based on a total offense level of 16 and a criminal history category of I, was 21 to 27 months.  Defendant was subsequently sentenced to 24 months imprisonment followed with six years supervised release subject to the standard conditions of release, plus special conditions to include financial disclosure; the defendant shall not possess a firearm or destructive device; the defendant shall not incur new credit charges or open additional lines of credit without the approval of the probation officer unless the defendant is in compliance with all financial obligations imposed by this judgment; drug aftercare; and a $100 special assessment.

## II.  The Period of Supervision

On December 19, 2003, defendant completed his period of imprisonment and began service of the supervision term.  On July 29, 2004, defendant's case was reassigned to United States District Judge Thad Heartfield.  On January 5, 2005, his conditions were modified to include 180 days in a Community Corrections Center.  On July 8, 2005, defendant was released from the Community Corrections Center.

### III.  The Petition

United States Probation filed the pending Petition for Warrant or Summons for Offender Under Supervision on January 13, 2006.  The petition alleges that defendant violated the following conditions of release:

| | |
|---|---|
| Mandatory Condition: | Defendant shall refrain from any unlawful use of a controlled substance. |
| Special Condition: | Defendant shall participate in a program of testing and treatment for drug abuse, as directed by the probation officer. |

As grounds, the petition alleges that defendant submitted urine specimens which tested positive for marijuana on November 18, 2005, and November 29, 2005.  In addition, defendant failed to report for his individual substance abuse counseling session on December 15, 2005.

### IV.  Proceedings

On March 9, 2006, the undersigned United States Magistrate Judge convened a hearing to hear evidence and argument on whether defendant violated conditions of supervised release.  If so, the hearing would also consider the appropriate course of action.

At the revocation hearing, counsel for the government and the defendant announced an agreement as to a recommended disposition.  Defendant would agree

to plead "true" to the allegation that he violated a mandatory condition of supervised release by failing to refrain from any unlawful use of a controlled substance when he submitted a urine specimen that tested positive for marijuana on November 18, 2005.  In exchange for defendant's plea of "true," the court should revoke     defendant's supervised release and impose five (5) months imprisonment; followed by no additional period of supervised release.  Further, the government agreed to decline to proceed with remaining alleged violations of supervised release conditions.

After announcing their agreement, defendant pleaded "true" to the allegation that he violated a mandatory condition of supervised release by failing to refrain from any unlawful use of a controlled substance when he submitted a urine specimen that tested positive for marijuana on November 18, 2005.

### V.  Principles of Analysis

Upon finding by a preponderance of the evidence that a defendant has violated a term of supervised release, pursuant to 18 U.S.C. § 3583(e)(3) the court may revoke the term of supervised release and require defendant to serve in prison all or part of the term of supervised release without credit for time served on post-release

supervision.  The original offense of conviction was a Class B felony; therefore, the maximum term of imprisonment authorized under 18 U.S.C. § 3583(e)(3) is three years.

According to U.S.S.G. § 7B1.1(a), if the court finds by a preponderance of the evidence that defendant violated conditions of supervision by submitting a urine specimen that tested positive for marijuana on November 18, 2005, defendant will be guilty of committing a Grade C violation.  U.S.S.G. § 7B1.3(a)(2) indicates upon a finding of a Grade C violation, the court may (A) revoke probation or supervised release; or (B) extend the term of probation or supervised release and/or modify the conditions of supervision.  U.S.S.G. § 7B1.4(a) provides that in defendant's case a revocation of supervised release based on a Grade C violation and a criminal history category of I, the guideline imprisonment range is 3 to 9 months.

18 U.S.C. §§ 3583(e) and 3553(a) provide that in determining sentence, the court shall consider:

1. The nature and circumstance of the offense and the history and characteristics of the defendant; see 18 U.S.C. § 3553(a)(1);

2. The need for the sentence imposed to afford adequate deterrence to criminal conduct; to protect the public from further crimes of the defendant; and to provide the defendant with needed educational or vocational training, medical care, other corrective treatment in the most effective manner; see 18 U.S.C. §§ 3553 (a)(2)(B)-(D);

3.  Applicable guidelines and policy statement issued by the Sentencing Commission, for the appropriate application of the provisions when modifying or revoking supervised release pursuant to 28 U.S.C. § 994(a)(3), that are in effect on the date the defendant is sentenced; see 18 U.S.C. 3553(a)(4); see also 28 U.S.C. § 924(A)(3);

4.  Any pertinent policy statement issued by the Sentencing Commission, pursuant to 28 U.S.C. § 994(a)(2), that is in effect on the date the defendant is sentenced; see 18 U.S.C. § 3553(a)(5); and

5.  The need to avoid unwarranted sentence disparities among defendants with similar records who have been found guilty of similar conduct; see 18 U.S.C. § 3553(A)(6).

## VI. Application

The undersigned has carefully considered each of the five factors listed in 18 U.S.C. §§ 3583(e) and 3553(a).

**Findings:**

Defendant pleaded "true" to an alleged violation of a mandatory condition: failing to refrainfrom any unlawful use of a controlled substance.  Based upon defendant's plea of "true" to this allegation and U.S.S.G. § 7B1.1(a), defendant violated this standard condition of supervised release in the manner alleged in the

petition. Defendant's violation is a Grade C violation with policy guidelines suggesting 3 to 9 months imprisonment upon revocation.

**Conclusion:**

Defendant has demonstrated inability to adhere to conditions of supervision. Defendant did not comply with a condition of his supervision by failing to refrain from any unlawful use of a controlled substance. As such, incarceration appropriately addresses defendant's violations.

### RECOMMENDATIONS

1. The court should find that defendant violated the condition of supervised release by failing to refrain from any unlawful use of a controlled substance, in the manner alleged in the petition.

2. The petition should be granted and defendant's supervised release should be revoked.

3. Defendant should be sentenced to a term of imprisonment of five (5) months, with no further supervision thereafter.

### OBJECTIONS

At the close of the revocation hearing, defendant, defense counsel, and counsel for the government each signed a standard form waiving their right to object to the proposed findings and recommendations contained in this report, consenting to

revocation of supervised release as recommended herein.  Therefore, the court may act on the report and recommendation immediately.

    SIGNED this __13__ day of March, 2006.

                                */s/ Earl S. Hines*
                                Earl S. Hines
                                United States Magistrate Judge